WESTERN DIST.
September, 1836.

COLLINS
vs.
COLLINS'S
ADM'R. ET AL.

COLLINS vs. COLLINS'S ADMINISTRATOR, ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. LANDRY.

The nullity resulting from the want of a rendition of an account previous
to the release or extra-judicial settlement between the tutor and his
ward is relative, and the act must have its effect until annulled by a
direct action, at least so far as third persons are concerned.

In a direct action of nullity, to annul and set aside a settlement between
the tutor and his ward and for restitution, the latter can only be relieved
by placing the party in the same situation in which he was before the
contract.

The ward is restricted in his direct action of nullity against his tutor to
four years after his arrival at the age of majority.

This is an action against the administrator of the estate of
the late Murtough Collins, and against Joseph and Jesse
Andrus, as sureties in two several curator bonds, given by
said Murtough Collins.

The plaintiff alleges that he is the only surviving child
and heir of John L. and Elizabeth Collins, deceased, who
died when he was a minor, leaving a large property. That
his tutors, W. L. Collins and J. Baldwin, rendered an
account, acknowledging themselves indebted to him and his
brother in the sum of six thousand two hundred and seventy
four dollars. That his brother, J. L. Collins, was appointed
his curator ad bona in May, 1820, and died the year fol-
lowing, without rendering an account. M. Collins was
appointed curator of J. L. Collins's succession, and gave
bond, with the defendants as sureties, who, he alleges, was
negligent and unfaithful, never having made an inventory
or rendered an account, by which negligence and illegal
conduct his bond became forfeited. That in 1822, said M.
Collins was appointed his curator ad bona, and gave bond,
with the defendants (Andrus') as his sureties. The plain-
tiff further alleges, that he inherited his brother, J. L.

Collins's estate, besides what he is entitled to receive on
account of his father and mother's succession.     That M.
Collins died, insolvent, in November, 1827, without render-
ing an account of either of his curatorships, and that his
bonds are forfeited in both cases and the sureties liable.

He further shows, that M. Collins's estate inventoried
eighteen thousand eight hundred and sixty-eight dollars,
and the privileged debts, amounted to about forty-nine thou-
sand and odd dollars, and that William Moore was appointed
administrator; the widow and heirs having renounced.  That
in October, 1828, the administrator filed a tableau of distri-
bution of said estate, without placing his claims thereon as a
mortgaged and privileged creditor; he therefore requires
that the order homologating the tableau be reconsidered and
altered, so as to give him his proper place thereon for the
amount of the two curators' bonds thus forfeited.

He further shows, that in consequence of said M. Collins's
failure to pay over the sum due to him, he has suffered
damages to the amount of seven thousand dollars, for which
he is entitled to judgment.

He prays that William Moore, administrator, &c., and
Joseph Andrus and Jesse Andrus, be cited, the former to
place him on the tableau as a privileged creditor for the
amount of the two curators' bonds aforesaid, and that the
two latter, together with the administrator, be condemned to
pay the amount of his several demands, &c.

The defendants pleaded an exception to the jurisdiction,
and averred that the District Court had exclusive cogni-
zance of the matters in controversy.   The Court of Probates
sustained the exception, so far as respects the sureties in the
curators' bonds, and ordered the administrator to answer to
the merits.

The administrator pleaded a general denial, and specially
averred, that on the 14th July, 1825, the plaintiff then being
an emancipated minor, and authorized to act for himself,
had made a final settlement with M. Collins, his curator in
his life time, and gave him a full receipt, with a release of

WESTERN DIST. all mortgages and pretensions; and in passing the act of
September, 1836. settlement, Luke Lesassier aided him as his curator *ad hoc.*

COLLINS
*vs.*
COLLINS'S
ADM'R. ET AL.

That the plaintiff, on arriving at the age of maturity, confirmed said release, by appearing and claiming to be a creditor of the estate of M. Collins, deceased, and being, at his own instance, placed on the tableau as a creditor, &c., which was homologated without opposition. A detailed statement of the administrator's account was also included in the answer.

Judgment was rendered in favor of the defendant, from which the plaintiff appealed.

*Linton,* for the plaintiff, made the following points.

1. No legal account of the estates of John Collins, senior, the father of the plaintiff, nor of John L. Collins, has ever been rendered by the executors in the first instance, nor by Baldwin and John L. Collins, tutors of the plaintiff, nor by Murtough Collins, the curator *ad bona.*

2. The appointment of a curator or tutor is a judicial proceeding. *Code of Practice, articles* 924, 958, 960, and 961. The surety becomes voluntarily a party. The minor, when he attains the age of majority, can sue either or both in the same tribunal. *Louisiana Code, article* 3020. 4 *Martin's Reports,* 214.

3. No partition of the property of John Collins, senior, was ever made between John L. Collins and the plaintiff. The basis of the settlement, then, of Murtough Collins, curator *ad bonà* of the plaintiff, was the amount of the inventory made in 1810. *Code of Practice,* 54 *to* 68. *Code Napoleon,* 451. 2 *Toullier, Nos.* 1189, 1190. 2 *Martin, N. S.,* 75. 2 *Toullier, Nos.* 1246, 1264, *and* 1191. *Domat, book* 1, *section* 3, *No.* 43, *page* 182.

4. The defendant relies on a receipt in full, or release, executed by plaintiff to Murtough Collins, dated 15th July, 1825. To the validity of this act we oppose the minority of the plaintiff, and that, as an agreement between tutor and ward, it should have been preceded by the rendition of an

WESTERN DIST.

September, 1836.

COLLINS
*vs.*
COLLINS'S
ADM'R. ET AL.

account. *Louisiana Code, article* 355. 2 *Louisiana Reports,* pages 184 *and* 523. *Toullier,* 1248, 1297, 1250. *Code Napoleon,* 480 *and* 472.

5. The act or release in question is absolutely void. *Louisiana Code, articles* 19 *and* 2252. 8 *Toullier, Nos.* 503 *and* 505.

*Garland,* for the defendant.

1. It is admitted, or at any rate shown, that the plaintiff is the heir of John Collins and wife, deceased, and also of John L. Collins, deceased; the allegations in the petition and the express statement in the act of release to M. Collins show it.

2. If, then, the plaintiff is the heir of John L. Collins, he cannot claim to make the defendant responsible for his negligence, whilst the said John L. was acting as his curator *ad bona;* the rights of the plaintiff, if he had any, are extinguished by confusion; at any rate, the second curator *ad bona* is not responsible for the property wasted by the first. 2 *Martin, N. S., page* 78. *Louisiana Code, article* 2214.

3. John L. Collins, whilst he was curator *ad bona* of plaintiff, received, by himself or his agent, the sum of three thousand seven hundred and ninety-nine dollars and sixty-six and one half cents, and settled finally with Baldwin, and took his note for all that was coming from him, the amount of which note was all ever received by M. Collins, except the interest which John L. Collins had in the store of A. C. and L. and the proceeds of two horses sold; this we have to account for, and it is done by the different sums paid for the plaintiff and his deceased brother.

4. Defendants are not liable for what was lost by the insolvency of William L. Collins.

5. The release given by the plaintiff to M. Collins may not be good as a discharge to him as curator *ad bona,* but it is good as evidence of a payment of what was coming to him.

6. The presumption of payment is irresistible when all the evidence is examined. 6 *Martin, N. S.,* 541. 4 *Louisiana Reports,* 452.

WESTERN DIST.
September, 1836.

COLLINS
vs.
COLLINS'S
ADM'R. ET AL.

7. The plaintiff is precluded from setting up this claim now, because, when the administrator of the estate of M. Collins made a tableau of distribution of the estate, the plaintiff presented himself as a creditor, but did not set up the present demand, but was placed on the tableau for another sum he claimed, which tableau has been homologated by the Court of Probates and affirmed by the Supreme Court. 4 *Louisiana Reports,* 44, 174. 2 *Ibid.,* 155, 205. 7 *Martin, N. S.,* 566. 6 *Ibid.,* 131. *Louisiana Code, articles* 1056–7–8–9 *and* 1060.

*Bullard, J.,* delivered the opinion of the court.

The conclusion to which we have come upon one of the peremptory exceptions pleaded by the defendants in this case renders it superfluous to investigate the complicated facts disclosed in the record.

The plaintiff seeks to render the estate of Murtough Collins, administered by the defendant, liable to him for mal-administration as his curator *ad bona,* while a minor, and of the estate of his deceased brothers, of whom the plaintiff is the heir, alleging that Murtough Collins died without rendering any account of his administration.

The exception to which we allude is, that the plaintiff, on the 14th of July, 1825, being then an emancipated minor, had a final settlement with the deceased, M. Collins, and gave him a receipt in full on account of those several administrations, and a release of all mortgages and pretensions resulting from the same, and that he was assisted in the act by his curators *ad hoc.*

The act of release is in the record, and appears to have been passed before the parish judge and two witnesses, and the plaintiff was assisted by L. Lessassier, his curator *ad hoc.*

To this it is answered, that the act is null, because the plaintiff was a minor at the time, and because not preceded by a rendition of a detailed account and exhibition of vouchers, according to article 355 of the Louisiana Code.

We had occasion to consider the question here presented in the case of Foutelet et al. *vs.* Murrell, 9 Louisiana Reports,

The nullity resulting from the want of a rendition of an account previous to the release or extra-judicial settlement between the tutor and his ward, is relative, and the act must have its effect, until annulled by a direct action, at least so far as third persons are concerned.

291, 299, and we then held that the nullity resulting from the want of a rendition of account previous to the release or extra-judicial settlement between the tutor and his former ward is relative, and that the act must have its effect until annulled by direct action, at least so far as third persons are concerned. The plaintiff, in his petition, makes no allusion to this act, but treats it as an absolute nullity, and contents himself with endeavoring to show its nullity, when it is set up as a defence to this action. Even in a direct action for restitution, he could be relieved only by placing the party with whom he contracted in the same situation in which he was before the contract. But then his direct action would be limited to four years after arriving at the age of majority. The estate of Collins is insolvent, and administered as such. The creditors may have acquired rights under that release which cannot be affected indirectly, as is attempted in this case.

In a direct action of nullity, to annul and set aside a settlement between the tutor and his ward, and for restitution, the latter can only be relieved by placing the party in the same situation in which he was before the contract. The ward is restricted in his direct action of nullity against his tutor, to four years after his arrival at the age of majority.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.