HENRY KELLAR et als. *v.* JAMES O'NEAL, Tutor.

An approval of the final account of the tutor, and an agreement, that as approved it should be homo-logated, made by the ward, after attaining the age of majority, or being emancipated, is equivalent to a waiver of citation, and a consent judgment.

A judgment homologating an account under such circumstances, cannot be treated by the ward as a mere nullity, by filing an opposition to the account homologated by his consent.

A direct action under proper averments of fraud, or mistake, must be brought to annul such a judg-ment.

Where the ward has given his tutor a receipt for the balance shown to be due him, by the final account, which he had previously approved, it would seem, under the authority of *Haydel* v. *Roussel*, 1 An. 38, that he would be bound to bring a direct action against his former tutor, to annul his receipts, before he is allowed to file an ordinary opposition to such final account.

APPEAL from the District Court of the Parish of Avoyelles, *Cushman*, J. *F. P. Hitchborn* and *W. B. Lewis*, for plaintiffs and appellants. *J. P. Wad-dill*, for defendant.

SPOFFORD, J. We find the following facts stated correctly in the opinion of the District Judge.

" The defendant, *O'Neal*, formerly tutor of the plaintiffs, filed his final account to *Henry* and *David C. Kellar*, the two eldest brothers, on the 29th April, 1851. Previously to the filing of said account, the said *Henry* and *David* executed the following written acknowledgment and consent : ' We, *Henry* and *David C. Kellar*, have had the above account, rendered to us by our tutor, *James M. O'Neal*, for ten days in our hands, and having thoroughly examined it in all its items and particulars, find it correct and approve the same. We further agree that the said *James O'Neal shall have the same approved and homologated as the law directs.'*

On the 9th of June, 1851, a final judgment of homologation was rendered upon said account, so far as *Henry* and *David C. Kellar* are interested.

On the 16th July, *James Kellar*, the younger brother, then an emancipated minor, made the following written acknowledgment and consent : ' I have examined the above account, rendered by my tutor, *James M. O'Neal*, to *Henry Kellar* and *David C. Kellar*, likewise under his tutorship, and find it correct, and accept it as though rendered specially to me, and *agree that it be homologated as the account rendered to me.'*

On the 21st August, 1851, all the plaintiffs signed a receipt in favor of defend-ant, for the balance due them on settlement as tutor

On the 18th of February, 1852, another judgment was rendered, homologating the final account of *O'Neal*, tutor, as to all these plaintiffs."

Thus much of the facts as detailed by the District Judge.

The plaintiffs brought this action by way of opposition to the aforesaid final account of their tutor, ignoring altogether these two judgments of homolo-gation.

The preliminary question is, whether they could thus treat those judgments as absolute nullities, or were bound to attack them directly, before contesting the correctness of the account homologated thereby, or calling for a new one from their former tutor.

The plaintiffs and appellants contend, that these judgments are absolutely void, because they were not personally cited. But their approval and agreement that

the account should be homologated as it stood, was equivalent to a waiver of citation and to a consent judgment. It was therefore incumbent upon them to attack the judgments in a direct action, under proper averments of mistake or fraud in procuring their consent, and they could not treat them as mere nullities by filing a simple opposition to the account which had been thus homologated by their consent.

It would also seem, under the authority of *Haydel* v. *Roussel*, 1 An. 38, that the plaintiffs should have brought a direct action against their former tutor, to annul their receipt of August 21st, 1851, for the balance due by him to them " on settlement as tutor," before being admitted to file an ordinary opposition to the account which they had long previously approved as showing that balance due to them.

It is, therefore, ordered and decreed, that the judgment dismissing the opposition be affirmed, with costs.