GEORGE A. DAVENPORT, JUDGE OF PROBATE, *vs.* SAMUEL E. OLMSTEAD AND ANOTHER.

The account of an executor or administrator can be settled only in the court of probate; but this rule does not apply to a guardian's account.

While a court of probate has jurisdiction of a guardian's account, and it may be advisable in many cases that a guardian should settle his account with that court, yet a settlement with the ward, after he becomes of age, if it be a fair one, is sufficient, and satisfies the bond.

The duty of a guardian is owing primarily to the minor rather than to the court of probate, and if it be neglected it may and should be enforced in the ordinary tribunals. A suit may be brought on the guardian bond, or an action of account, and if a court of law does not afford an adequate remedy a court of chancery would have jurisdiction.

In any suit brought, all the transactions of the guardian with the estate of the ward will be investigated and judgment rendered only for the amount justly due.

A guardian having given bond in the court of probate with sureties, died during the minority of the ward. After the ward became of age he had a suit brought on the probate bond against the sureties. Held that the defendants could show, not only expenditures of the guardian in his life time for the benefit of the ward, but any such payments or advances for his benefit from the estate or by the sureties themselves, as would be a just charge against him and reduce the amount which he was equitably entitled to recover.

*B* was appointed guardian of his son *W* and gave bond, July 28th, 1856.  At
this time there was due to *W* a sum of money upon a policy of insurance for
his benefit on the life of his mother, who had died a few months before.  *B*
had drawn on the insurance company for this sum in his own name on the
10th of July, to be paid on the 30th, and had got the draft discounted at bank
on the 10th and received the money.  The insurance company accepted the
draft, payable at their office, and paid it on the 30th, after the appointment of
*B* as guardian and the giving of the bond, requiring before payment a receipt
for the money signed by *B* as guardian of *W*.  Held that·the jury were justi-
fied upon this evidence in finding that *B* received the money as guardian, and
after the bond was given.

DEBT on a probate bond, brought to the Superior Court in
Fairfield County, and tried to the jury, before *Hitchcock, J.*

The bond was executed by the defendants as sureties, with
one William E. Bissell as principal, and was given by the
latter as guardian of William E. Bissell, Jr., his son.   The
bond was dated July 28th, 1856, the said Bissell, Sr., having
been on that day appointed guardian.   The condition of the
bond was as follows:

" The condition of this obligation is such, that if the above
bounden William E. Bissell, now appointed guardian to his
son, William E. Bissell, Jr., a minor, about nine years of age,
the said minor being the owner of estate not derived from
his said father, shall well, truly and faithfully execute and
discharge the aforesaid office of guardian to the said minor,
in all parts thereof, according to the rules and directions of
the law in such case made and provided, and render a true
account of his guardianship to the said judge, if thereto
required, or to the ward when arrived to full age; then this
obligation to be void and of none effect; otherwise to remain
in full force."

The guardian died August 3d, 1863.   The suit was brought
by the judge of probate for the benefit of the ward.

The plea was the general issue, with notice of the expendi-
ture of a large part of the estate received by the guardian
upon the necessary support and education of the ward by the
guardian during his life time; the investment by the guardian
of a part of the estate in lands, of the purchase of which the
ward since he became of age had approved, and of which he
had received the benefit; and the payment to and expenditure

for the ward of large sums by the defendants themselves, both during the minority of the ward after the death of the guardian, and since the ward had become of age, leaving nothing due the ward on account of the estate received by the guardian.

Upon the trial it appeared in evidence that Bissell, Sr., on the 17th of March, 1851, procured, for the benefit of Bissell, Jr., a policy of insurance, in the Charter Oak Life Insurance Company of Hartford, upon the life of his wife, Angeline T. Bissell, mother of Bissell, Jr., for the sum of $3,000; that the said Angeline died November 9, 1856; that all the premiums upon the policy up to that time had been paid by Bissell, Sr.; that Bissell, Sr., was appointed guardian of Bissell, Jr., on the 28th of July, 1856, by the court of probate for the district of Norwalk, within which Bissell, Sr., had lived with his family; that after his appointment, on the same day, he executed with the defendants the bond in question; that on the 10th of July, before his appointment as guardian, he made in his own name a draft on the Charter Oak Life Insurance Company for the sum of $2,889.96, being the amount due on the policy, payable on the 27th of July—making the draft, by adding the days of grace, payable in fact on the 30th of July; that he on the same day got the draft discounted at a bank in Norwalk, receiving from the bank the money thereon, less a small discount; that the insurance company accepted the draft, "payable at the office of the company"; that the insurance company paid the draft on the 30th of July to the Exchange Bank of Hartford, to which it had been sent for collection by the Norwalk bank; and that the company before paying the same required a receipt for the amount to be executed by Bissell, Sr., as guardian of Bissell, Jr., and that the following receipt was executed by Bissell, Sr., upon the back of the policy before payment by the insurance company:—" $3,000.   Hartford, July  , 1856.   Received of the within named company three thousand dollars in full discharge and satisfaction of this policy, and any and all claims thereon.   WILLIAM E. BISSELL, *Administrator of the estate of A. T. Bissell, and guardian of William E. Bissell, Jr.*"

This discharge was not otherwise dated than as above, and was sent to the insurance company with and upon the policy, but it did not appear at what time it was executed. When the company acted upon it and paid the money it was after the appointment of Bissell, Sr., as guardian and the giving of the bond in question.

It further appeared that Bissell, Sr., on the 11th of July, 1856, sent $1,300 of the money thus received by him to Willard S. Pope, who married the aunt of Bissell, Jr., at Chicago, with instructions to Pope to invest the same in real estate, in that part of the country, in the name of Bissell, Sr., in trust for Bissell, Jr.; that Pope invested the money on the 19th of July, 1856, in compliance with these instructions; and that the real estate thus purchased was afterwards sold by him at considerable loss from its cost. Also that in the months of January and March, 1857, Bissell, Sr., invested considerable sums from the money received by him from the insurance company in real estate in the state of Minnesota.

It also appeared that Bissell, Sr., died August 9th, 1863, having been in indigent circumstances ever since he received the money on the insurance policy; and that during his life he never rendered any account, as guardian, to the court of probate, of the money which he had received on the policy, and that there had not been any such account rendered by any one, to the court of probate, since his death.

Upon the evidence, which was detailed in full in the motion, the defendants claimed as matter of fact to the jury, that said William E. Bissell, Sr., before his appointment as guardian, had obtained the sum of $2,889\frac{96}{100}$, being the amount due from the insurance company, less the sum paid to the Fairfield County Bank for discount, by means of the draft, and the discounting and payment thereof by the bank, and that he was not shown to have received at any time, and did not in fact receive, any other money or property belonging to Bissell, Jr., excepting only such income as was derived from the money so received, and from the proceeds of investments of the same or parts thereof; that a large part thereof, about the sum of $1,300, was invested in lands in the state of Illinois

on or about the 19th day of July, 1856, and before his appoint-
ment as guardian, and remained so invested at the time of
and after his appointment; and that a loss of several hundred
dollars resulted from this investment, for which investment
or any losses resulting therefrom, the defendants were not
responsible; and furthermore, that the ward on arriving at
full age had ratified, accepted and confirmed all improper
investments and acts of the guardian, if there had been any
such.

The defendants also made the following claims to the court:
—that Bissell, Sr., having in his life time, as shown by the
evidence, expended a considerable part of the money received
by him on the policy, in the nurture, education and necessary
support of the ward; that since the decease of the guardian
and during the minority of the ward, the defendants having
paid the latter considerable sums of money from their own
means, for his necessary support and education; and that said
Pope, both before and since the ward had arrived at full age,
having paid him, from the part of his property in his hands,
considerable sums of money; the money thus expended by
the guardian and themselves, and by said Pope, should be
applied to their benefit, if it should be found they were under
any liability in the suit, by virtue of the bond; and they asked
the court so to charge the jury.

Also that the ward having, since he became of age, accepted
the title deeds of the lands in Wisconsin and Minnesota in
which a considerable part of the money thus received on the
policy was invested, the amount thus invested should be
allowed them if they should be found liable in this suit on
the bond; and they asked the court so to charge the jury.

Also that, in any event, they were not liable for any loss
resulting from investments prior to the appointment of Bis-
sell, Sr., as guardian.

Also that the money thus received by Bissell, Sr., on the
policy, was received not as guardian, but as the parent of
Bissell, Jr.; and that, therefore the defendants were not liable
for it under the guardian bond.

Also that, unless the jury should find there was a breach of

the conditions of the bond by Bissell, Sr., during his life time, there could be no recovery in this suit; that the death of Bissell, Sr., was the act of God, and for any loss or detriment resulting to the fund of the minor by reason of his death or since that event the defendants could not be held in this suit.

Also that, unless Bissell, Jr., for whose benefit this suit was brought, applied to the court of probate for administration on the estate of Bissell, Sr., and presented his claim against his estate, the defendants were not liable in this suit.

Also that, under the pleadings and upon the evidence, the defendants were only liable for the cash in the hands of the guardian at the time of the appointment and for that which afterwards came into his hands.

Also that the non-payment of the guardian fund or any part thereof by the guardian to his ward, during the life-time of the guardian, was not a breach of the guardian bond, nor did such non-payment by the sureties therein, after the guardian's death, nor their failure to account to the court of probate during the minority of the ward, or with the ward himself after he became of age, constitute a breach of the condition of the bond.

The plaintiff claimed, and asked the court to charge the jury, that the property of the minor was not derived from his father, and that he had no control over it as parent of the minor; that this court could institute no inquiry into the state of the accounts between the guardian and his ward and that the court of probate alone had jurisdiction of those accounts; also that, no account having ever been rendered of the property of the minor thus received by Bissell, Sr., either by him in his life, or by these defendants or any administrator on his estate since his death, these defendants, as sureties in the guardian bond, were liable to account for the property and money in this action on the bond, unless the jury should find that they had accounted with the minor for the same since he became of age, or had in some way been discharged by him since he became of age from their liability on the bond.

On the trial of the case it was admitted by the plaintiff that Bissell, Jr., after he became of age, received from Pope $250

out of the money in Pope's hands, which might be applied on this suit.

The court charged the jury as follows:

"The court of probate, having cognizance of the affairs of the minor, has sole original jurisdiction of the state of the accounts between the minor and his guardian; the management by the guardian of the pecuniary affairs of the minor, his disbursements, expenditures and investments of the money of the ward, his charges against the ward, are all subjects of which, by our law, courts of probate have sole original jurisdiction. If the guardian has expended money from the fund of his ward, in his nurture, education and support, or for any object, it is for the court of probate to say whether such expenditures have been made under circumstances that warrant their allowance against the fund in his hands, in settling his guardian account with the court of probate, during the minority of the ward, or with the ward after he has arrived at full age. The powers and duties of guardians, the rights of wards, and the adjustment of all claims and accounts growing out of these relations, are, as between the guardian and his ward, exclusively in the original province of courts of probate. We have no power to determine them here, as an original jurisdiction. All evidence, therefore, regarding the state of the accounts, between the guardian and his ward, must be laid out of the case, and the case must stand before you on this bond.

"In this aspect of the case you should inquire if the defendants have paid the ward since he became of age, in whole or in part, for their liability on this bond, regarding the matter in controversy in this suit; the ward being cognizant of his rights. If you find they have you should give them the benefit of it here.

"If the guardian during his guardianship, in good faith, made investments in lands from the fund of the ward, though he may have made such investments illegally, yet, if the ward, since he became of age, has understandingly sanctioned and adopted such investments with the defendants, in view of their liability therefor on this bond, and in pursuance thereof

has accepted from them the title deeds of such lands, the amount thus invested should be allowed the defendants here.

"If Bissell, Sr., before being appointed guardian, received and invested money of the minor in lands, the defendants would not be liable on this bond for anything regarding them, except for dereliction in the management and sale thereof, or in the use of the proceeds of the same, after his appointment as guardian. But the accountability for the management and sale of such property, and for the management and disposition of the avails thereof, by the guardian, must be to the court of probate having jurisdiction of the affairs of the minor."

The jury rendered the following verdict :—" In this case the jury find the issue for the plaintiff, and therefore find for the plaintiff to recover of the defendants $2,889$\frac{66}{100}$, with interest from July 30th, 1856, (less $250, with interest from April 23d, 1870, received from W. S. Pope,) damages, and his costs."

The defendants moved for a new trial for a verdict against evidence, and also for errors in the rulings and charge of the court. Sundry questions made upon the former motion, and the evidence to which they relate, are not stated, as it becomes unnecessary in the disposition made of the case by the court.

*A. B. Woodward* and *F. W. Perry*, in support of the motions.

*I. M. Sturges* and *D. Davenport*, contra.

CARPENTER, J. The only question we care to consider under the motion for a new trial for a verdict against evidence, is that relating to the time when the money of the minor came into the hands of the guardian.

It seems that the father, before his appointment as guardian, drew for the money, and the draft, endorsed by the defendants, was discounted by the Fairfield County National Bank. That draft was accepted by the Charter Oak Life Insurance Company, payable at their office. After his appointment, and

after having given the bond in suit, the insurance company paid the amount of the policy, but took the precaution to require a receipt from the father as guardian. Upon these facts the jury very properly found that the money was received as guardian, and after the bond was given.

The other questions arising under this motion are disposed of by the conclusion to which we have come on the motion for a new trial for a misdirection of the jury.

The court below practically rejected evidence tending to prove that the guardian laid out and expended a portion of the money for the necessary support of the minor during his minority; also evidence that one of the defendants, since the minor arrived at full age, had paid to him different sums of money; also that Mr. Pope, the agent of the guardian, who invested a portion of the money in land in some of the western states, paid to the minor certain sums of money, the avails of the sale of said lands; and instructed the jury that all such evidence should be laid out of the case. This ruling was on the ground that these claims can only be allowed by the court of probate upon the settlement of the guardian's account.

No such account has ever been rendered. The guardian is dead, no one has ever administered on his estate, and this suit is brought against his sureties. The question is, whether they can show, in mitigation of damages, expenditures by the guardian, and others for him, for the benefit of the minor.

This court has uniformly refused to allow the account of an executor or administrator to be settled in the Superior Court, either upon a bill in chancery, or upon a suit on the administration bond. The court below, not adverting to the distinction in this respect between an executor and a guardian, applied the same rule to this case, and instructed the jury that the court of probate alone had jurisdiction of the matters claimed to have been proved by the defendants.

But there is a material difference between an administration account and a guardian's account. The court of probate alone has jurisdiction of the settlement of estates, including necessarily the settlement and allowance of the administrator's account. It is the policy of the law to require all the pro-

ceedings relating to the settlement of estates to appear upon the probate records. Our statute makes no provision for an executor or administrator to settle his account with the heirs or legatees. In most cases such a settlement would be impracticable, and if practicable in any case, it would not be desirable.

With the account of a guardian it is different. In order to insure fair dealing and secure the rights of the minor, it may be advisable in some cases that the guardian should settle his account with the court of probate, but it is not indispensable. At common law a court of chancery entertains jurisdiction and settles a guardian's account. In this state an action of account will lie, and of course the account must be settled in the court to which the action is brought. If in any case an action at law would not afford an adequate remedy doubtless a court of equity would have jurisdiction.

The statute (Gen. Statutes, page 192, sec. 9,) requires that a guardian's bond shall be conditioned "for a faithful discharge of his trust according to law, and for accounting to the minor when he arrives at full age, or at such other time as the court shall order." When the statute so clearly contemplates a settlement with the minor it is difficult to see how the claim that a court of probate alone has jurisdiction can be successfully maintained. Unlike an executor or administrator the duty of a guardian is owing primarily to the minor rather than the court of probate. That duty, if neglected, may and should be enforced in the ordinary tribunals.

Aside from the guardian but one person is interested in the account. If he, when he becomes of age, settles with the guardian and gives a receipt, and the settlement is a fair one, it is conclusive, and the bond is discharged. If the guardian refuses to settle, the minor may compel a settlement by an action of account. In that action all the transactions of the guardian with the estate of the minor may be investigated, and the minor will recover only what is justly due.

A suit may also be instituted upon the bond. That bond is security for whatever amount may be justly due. Under our statute, (Gen. Statutes, tit. 19, chap. 14, sec. 1,) judgment

should be rendered only for that amount. That can only be ascertained by deducting from the amount received the amount legally expended; and that involves substantially a settlement of his whole account. Under proper pleadings there can be no valid objection to that course. Justice requires it, and it is attended with no special inconvenience.

For these reasons we think the court erred in excluding from the consideration of the jury the evidence offered, and in the instruction given.

We will not attempt to say to what extent the defendants' claims ought to be allowed. The facts may differ somewhat upon another trial, and we must leave that question to be determined upon the facts as they may then appear.

A new trial is advised.

In this opinion the other judges concurred.