Argued 23 January; decided 1 April, 1901.

## RICHARDSON'S GUARDIANSHIP.

### BUTTERICK *v.* RICHARDSON.

[64 Pac. 390.]

JURISDICTION OF COUNTY COURT IN PROBATE—GUARDIAN AND WARD.

1. In Oregon county courts, while exercising probate jurisdiction, can not correct or surcharge settled accounts of guardians, as the court is not vested with equitable jurisdiction. In cases of false accounts or settlements resort must be had to courts of general equity powers.

(Mr. Chief Justice BEAN dissents.)

GUARDIAN—ORDER TO ACCOUNT—APPEAL.

2. An order by a county court requiring a guardian to account with his ward, made *after the guardian has obtained a release from such ward upon her coming of age,* is an appealable order, since it is in effect a judgment in a new proceeding wherein the court was without jurisdiction.

JURISDICTION OF SUBJECT-MATTER—EFFECT OF APPEARANCE.

3. Jurisdiction of the subject-matter of a proceeding is not conferred by a general appearance of the defendant, though jurisdiction of the person may be thus obtained.

From Polk: REUBEN P. BOISE, Judge.

This proceeding was commenced in the county court of Polk County to compel a guardian to file a final account. It is alleged in the petition that in May, 1890, S. T. Richardson was, by said court, appointed guardian of the person and estate of Lizzie Richardson, a minor; that he duly qualified as such, and entered upon the discharge of his duties; that he has not filed any account of the money or property that came into his possession by virtue

of his trust, or made any settlement with her since she became of age, which occurred October 28, 1897. A citation having been issued, Richardson, answering the petition, denied that he had not settled with her, and alleged that on October 7, 1896, she became, and then was, the wife of one J. A. Butterick; that on October 23, 1897, he delivered a mortgage and certain sums of money to her, whereupon she executed to him a release discharging him as her guardian and exonerating his bondsmen. He also filed what purported to be his final account, accompanied with vouchers, from which it appears that he received on her account the sum of $2,935.10; that he had paid out for her, exclusive of his fees and expenses, the sum of $3,166.79, thereby overpaying her $231.69. She filed objections to several items of this account on the ground that certain goods purchased by her and paid for by her guardian were beyond her station in life, and that the release so executed by her was secured in the absence of her husband, without his knowledge or consent, and under false representations. The county court heard the testimony, and, having concluded that said release was invalid, ordered the guardian to file a final account, from which order he appealed, and, the circuit court having dismissed his appeal on the ground that it was taken from an order that was not final, he appealed from the latter decree.                    REVERSED.

For appellant there was a brief over the names of *Butler & Townsend* and *D'Arcy & Richardson*, with an oral argument by *Messrs. S. T. Richardson in pro. per., John A. Carson,* and *Peter H. D'Arcy.*

For respondent there was a brief over the names of *John McCourt* and *Daly & Hayter*, with an oral argument by *Mr. Oscar Hayter.*

Mr. Justice Moore, after stating the facts, delivered the opinion of the court.

1. It is contended that, the guardian having secured from his ward a release discharging him and exonerating his bondsmen, the county court was without power to compel an account, and that, if such release was secured by fraud, a court of equity only can afford the relief sought, and, the order of the county court being, therefore, void, an appeal lies. The organic law creating the courts of the state and prescribing their jurisdiction contains the following provisions : '' The judicial power of the state shall be vested in a supreme court, circuit courts, and county court, which shall be courts of record, having general jurisdiction, to be defined, limited, and regulated by law, in accordance with this constitution'' : Const. Art. VII, § 1. '' The county court shall have the jurisdiction pertaining to probate courts,   *   *   *   and such other powers and duties   *   *   *   as may be prescribed by law'' : Const. Art. VII, § 12. The following provisions of our statute respecting the jurisdiction and power of the county court are deemed material : Hill's Ann. Laws, § 895 : '' The county court has the exclusive jurisdiction in the first instance, pertaining to a court of probate ; that is,   *   *   *   2. To grant and revoke letters *   *   *   of guardianship ; 3. To direct and control the conduct and settle the accounts of   *   *   *   guardians'' ; Hill's Ann. Laws, § 2884 : '' Every such guardian shall give bond with surety or sureties to the State of Oregon, in such sum as the county court may order, with conditions as follows :   *   *   *   4. At the expiration of his trust, to settle his accounts with the county court or with the ward, or his legal representatives, and to pay and deliver over all the estate and effects remaining in his hands, or due from him on such settlement, to the

person or persons who shall be lawfully entited thereto.''
The county court not having been vested by the consti-
tution with any equitable jurisdiction, the question pre-
sented is whether the legislative assembly has conferred
upon it sufficient authority to set aside as fraudulent a
settlement entered into between the guardian and his
ward in pursuance of a statute authorizing such settle-
ment.

Under the ancient common law, the king, as *parens
patria*, was deemed to have charge of all persons who, by
reason of their youth and inexperience, were unable to
care for themselves, or to protect their estates.   In the
exercise of this supervision, the chancellor, who was
originally an ecclesiastic, and the keeper of the king's
conscience, was the guardian of all infants:  9 Ency. Pl. &
Pr. 890 ;  Black, Law Dict. Tit. "Chancellor" ; 1 Chitty,
Bl. *462, note 8 ;  2 Story, Eq. Jur. § 1332.   Mr. Justice
Sawyer, in speaking of the method of securing the ap-
pointment of a guardian at common law, says :  "Upon
petition or bill showing that a minor was without a testa-
mentary or other legal guardian, that court took charge
of his person and estate, and cared for both by appointing
a guardian of his person and estate.   Such minors became
the wards of the court, and the guardian appointed by the
court was but an officer of the court, and held responsible
to it as such.   The court was, in effect, the guardian, and
the nominal guardian was but the agent through whom
the court acted, and to whom the court delegated the
execution of the trust": *Fox* v. *Minor*, 32 Cal. 111 (91 Am.
Dec. 566).   See, also, upon this subject, Schouler, Dom.
Rel. (5 ed.) § 288.   The power thus originally assumed
by the chancellor, and afterwards exercised by the court
of chancery, to appoint a general guardian of the per-
son and estate of infants, idiots, and lunatics, has, in
this state, been vested by the legislative assembly in the

county court, which, in the exercise of such authority, is held to be a court of general and superior jurisdiction : *Monastes* v. *Catlin*, 6 Or. 119. A proceeding in the county court, when exercising jurisdiction pertaining to probate matters, is in the nature of a suit in equity, as distinguished from an action at law : Hill's Ann. Laws, § 1078 ; *Plunkett's Estate*, 33 Or. 414 (54 Pac. 152). "Courts of probate," says WATSON, J., in *Monastes* v. *Catlin*, 6 Or. 119, "had no existence at common law. Those courts have been created, and their duties and jurisdiction defined by law in most, if not all, of the states of the Union." Mr. Rice, in his work on American Probate Law (p. 2), referring to the jurisdiction of probate courts, says : "They possess substantially the same powers formerly exercised in England by the ecclesiastical and chancery courts."

While the county court, exercising probate jurisdiction, may, in many instances, perform the same functions as and exercise the powers of a court of chancery in England, we do not think the legislative assembly of this state has conferred any equitable jurisdiction upon it in thus prescribing that the forms of practice therein shall partake of the nature of suits in equity. In *Roy* v. *Giles*, 4 Lea, 535, the defendant having settled his accounts as guardian with the probate court, which accepted his resignation, the ward sought in said court to surcharge and falsify the settlement ; but it was held that, while the legislative assembly of Tennessee had conferred upon said court jurisdiction to settle the accounts of a guardian, yet, having exercised such authority, it had exhausted the measure of power so delegated, and could not entertain a bill for the purpose indicated, and that resort must be had to a court of equity for the relief demanded. Mr. Justice McFARLAND, in rendering the decision of the court, says : " The question presented in the argument is whether the court has jurisdiction of the cause. The

act creating the court defines its jurisdiction as follows :
'The said court shall have original jurisdiction of all mat-
ters of probate, the administration of estates and orphans'
business, embracing all of the subjects and power enum-
erated in and conferred by sections 4201, 4203, 4204, 4205,
and 4208 of the Code of Tennessee, and concurrent juris-
diction with the chancery courts of Shelby County over
the persons and estates of idiots, lunatics, and other per-
sons of unsound mind ; and proceedings for the partition
or sale of estates by personal representatives, guardians,
heirs, tenants in common, joint owners, or coparceners,
for the sale of lands at the instance of the creditors of
decedents if the personal property is insufficient to satisfy
the debts of the estate, and for the allotments of dower,
and it is hereby vested with all the powers of a chancery
court, touching these matters ' : Thompson & S. Code,
§ 316h. This not being a cause involving the person or
estate of an idiot, or person of unsound mind, or for the
partition or sale of real estate for any purpose, or the
allotment of dower, we must look to the first clause of
that part of the act above quoted as the authority for the
jurisdiction. This, however, only gives such jurisdiction
as was previously conferred upon the county court ; the
sections of the Code referred to being those conferring or
defining the jurisdiction of the county court. While it is
clear that the county court, and, consequently, the probate
court, had jurisdiction of the settlements of guardians,
yet we suppose that after a final settlement and resigna-
tion of a guardian the county court could not entertain
a bill filed in accordance with the forms and practice of
a chancery court to surcharge and falsify the settlement.
For this purpose resort should be had to a court of chan-
cery. While the jurisdiction of the county court in the
first instance is original, yet that jurisdiction is exhausted
upon the final settlement and acceptance of the guardian's

resignation, and no statute confers jurisdiction to enter-
tain a bill for the review of the proceedings."

In *Downing* v. *Smith*, 4 Redfield, Sur. 310, a guardian
having settled with his ward, to whom he assigned a
mortgage, which was accepted and receipted for as an
equivalent for the amount due, the ward thereafter,
claiming that the mortgaged premises were valueless,
applied to the surrogate court of Kings County, New
York, to compel the guardian to account; but it was
held that, the guardian and ward having had an account-
ing, such court was without jurisdiction to try the ques-
tion of the validity of the settlement.   The court of
appeals of New York has held that a surrogate's court
of that state has no equitable jurisdiction, and can exer-
cise only such authority as has been specially conferred
by the statute, together with those incidental powers
which are requisite to a proper execution of such juris-
diction : *Riggs* v. *Cragg*, 89 N. Y. 479 ; *In re Underhill*,
117 N. Y. 471 (22 N. E. 1120); *In re Camp*, 126 N. Y.
377 (27 N. E. 799).   In *Kellar* v. *O'Neal*, 13 La. Ann.
472, it is held that a ward can not attack the final account
of his tutor, for the amount of which he has given a re-
ceipt, without first bringing an action to annul his receipt.
See, also, *Haydel* v. *Roussel*, 1 La. Ann. 35 ; *Foutelet* v.
*Murrel*, 9 La. 291 ; *Collins* v. *Collins' Adm'r*, 10 La. 264.
In Pennsylvania it is held, however, that the orphans'
court of that state is vested with sufficient power to sur-
charge the account of a guardian notwithstanding his set-
tlement with his ward : *In re Mulholland's Estate*, 154.Pa.
St. 491 (26 Atl. 612).   It does not appear from that case
that a guardian, in pursuance of the condition of his bond,
could have settled with his ward independent of the
orphans' court, but, however that may be, it is held that
such court possesses equity powers ; Mr. Justice WOOD-
WARD saying, in *Shollenberger's Appeal*, 21 Pa. St. 337,

"Our orphans' court, a creature of the constitution, is essentially a court of chancery." In *Stark* v. *Gamble*, 43 N. H. 465, a guardian having settled his accounts with his wards soon after they became of age, taking their releases in full as evidence of such settlement, it was held that his accounts might be reopened in the probate court for the purpose of correcting any mistake or errors occurring in such settlement. An examination of the opinion in that case does not disclose that a probate court of New Hampshire is vested with equitable jurisdiction, but the decision therein was based upon the ground that the settlement with the wards was not a compliance with the conditions of the guardian's bond. To the same effect, see, also, *Kittredge* v. *Betton*, 14 N. H. 401.

In *Davenport* v. *Olmstead*, 43 Conn. 67, a guardian having settled with his ward in pursuance of the conditions of his bond to that effect, it was held that his duty was owing primarily to the ward, rather than to the probate court, and in this respect differed from the obligations of an executor or an administrator, who could not effect a binding settlement with the heirs, devisees, or legatees, so as to defeat the jurisdiction of a probate court to compel them to render an account. Mr. Justice CARPENTER, speaking for the court in rendering the decision, says : "Aside from the guardian, but one person is interested in the account. If he, when he becomes of age, settles with the guardian, and gives a receipt, and the settlement is a fair one, it is conclusive, and the bond is discharged. If the guardian refuses to settle, the minor may compel a settlement by an action of account. In that action all the transactions of the guardian with the estate of the minor may be investigated, and the minor will recover only what is justly due." It will be remembered that our statute requires the guardian to give a bond conditioned that he will settle his accounts with the county

court or with the ward.  A settlement with such court exhausts its power in this respect, so that, if the ward seeks to surcharge and falsify the account, he must resort to a court of equity for that purpose : *Roy* v. *Giles*, 4 Lea, 535.  If the guardian settle with the ward after the latter attains his majority, the jurisdiction of the county court to compel a settlement must necessarily be extinguished, for the guardian, in effecting such settlement, has complied with the condition of his bond ; and the rule is well settled that transactions between the guardian and ward after the latter becomes of age are beyond the jurisdiction of the county court : Woerner, Guardianship, § 109 ; *In re Allgier*, 65 Cal. 228 (3 Pac. 849) ; *People* v. *Seelye*, 146 Ill. 189 (32 N. E. 458).  In this state female persons arrive at their majority at the age of eighteen years : Hill's Ann. Laws, §.2951 ; but they are deemed to have attained their majority upon being married according to law (Hill's Ann. Laws, § 2953), and the marriage of any female who is under guardianship as a minor operates as a discharge of her guardian (Hill's Ann. Laws, § 2901).  While the petitioner herein settled with her guardian five days before she was eighteen years of age, she had been legally married prior thereto, and is to be deemed of age ; and hence she was competent to execute the release in question.

2.  The county court having lost jurisdiction of the subject-matter by reason of the settlement entered into between the parties, as evidenced by the ward's release, the order of said court requiring the guardian to account is, in effect, a judgment without power in a new proceeding, and in that respect is final and reviewable : *Hume* v. *Bowie*, 148 U. S. 245 (13 Sup. Ct. 582).

3.  Nor can it be said that jurisdiction was conferred

upon the county court by the guardian's appearance therein for the purpose of pleading a settlement of his accounts with the ward; for, while jurisdiction of the person may be conferred in this manner, jurisdiction of the subject-matter can not be waived by the parties, and may be raised at any time : Hill's Ann. Laws, § 71. It follows from these considerations that the decree of the circuit court is reversed, and the cause remanded, with directions to remand it to the county court, and to direct the latter court to dismiss the proceedings.

REVERSED.

MR. CHIEF JUSTICE BEAN dissented in the following terms :

I can not concur in the conclusion reached by my associates. The county court, in my judgment, has exclusive jurisdiction in the first instance over the accounts of the guardian of a minor appointed by it, and, as a consequence, the power and authority to inquire into a settlement with the ward when such settlement is pleaded as a bar to a petition for an order requiring the guardian to render a final account. A guardian is required by statute to file in the county court an inventory of the estate of his ward, and to account for and dispose of the personal estate in like manner as is directed with respect to executors and administrators : Hill's Ann. Laws, §§ 2884, 2898. And I think the statute contemplates that the evidence that he has properly disposed of and accounted for the property inventoried, and has faithfully performed the duties of his trust, shall be an order of the county court discharging him either upon a settlement made with the court or with his ward : Hill's Ann. Laws, § 2903. If this is so, and such discharge is sought on account of a settlement with the ward, the county court, as an incident of the power to make the order, has un-

doubted jurisdiction to inquire into and ascertain the circumstances under which such settlement was made, and to determine whether it entitles the guardian to be discharged and his bondsmen exonerated.

REVERSED.